**DENIED**
Within 10 days from the date of this order, the moving party is directed to furnish a copy of this order to any pro se party who has entered an appearance in this action.

*Kirk S. Samelson*
Kirk S. Samelson
District Court Judge
Date of order indicated on attachment

☐ County Court   ☒ District Court
EL PASO County, Colorado
Court Address: 270 SOUTH TEJON, COLORADO SPRINGS, CO 80

Plaintiff(s)/Petitioner(s)
Marc Harris Kaplan, Sui Juris, Pro Per
Special Appearance Only

v.

GMAC MORTGAGE CORPORATION, THE BANK OF NEW YORK MELLON TRUST COMPANY, JPMORGAN CHASE BANK, N.A., ET AL..
(Defendant(s)/Respondent(s)

EFILED Document
CO El Paso County District Court 4th JD
Filing Date: Dec 17 2010 10:09AM MST
Filing ID: 34919259
Review Clerk: Kathy Livornese

COURT USE ONLY

Attorney or Party Without Attorney (Name and Address):
Marc Harris Kaplan, Pro Per, Sui Juris
General Delivery (Temporary Mail Call)
Colorado Springs, Colorado [80903]

Phone Number: (719) 229-9668    E-mail: bereagun@inbox.com
FAX Number:  NA                  Atty. Reg. #: NA

Case Number: 10CV41

Division  14     Courtroom

## EMERGENCY MOTION FOR CIVIL PROTECTION ORDER

I, Marc Harris Kaplan request this Court to issue a Emergency Civil Protection Order, and in support of this request state the following:

1. I am seeking this Civil Protection Order as a victim of the following: Imminent eviction process.

2. a) The most recent incident that causes me to ask for a Civil Protection Order occurred on or about December 15th, 2010 at 10:30 AM in El Paso County, the El Paso Trustee completed a fraudulent sale of foreclosure (EPC2010001554) to Defendant in a civil action (10CV41) and now threaten eviction of the Petitioner from the subject Property located in El Paso County.
   b) No arms were involved.
   c) No other Protection Orders are currently in effect against Petitioner or the other person to the best of knowledge.

3. I request the following relief from the Court that <u>GMAC MORTGAGE CORPORATION, THE BANK OF NEW YORK MELLON TRUST COMPANY, CASTLE MEINHOLD & STAWIARSKI, LLC.</u>:

   a) Be ordered to refrain from intimidating, verbally harassment, taking, transferring, encumbering, concealing, or disposing by eviction proceedings or threatening loss of property possession.
   b) Be allowed only to defense of Civil Complaint 10CV41 as served or amended and Motion for Stay of Eviction and Rescission of Foreclosure.
   c) Be excluded from my dwelling at: [7970 Juniper Road, Colorado Springs, Colorado]

I swear or affirm under penalty of perjury that the information contained in this Verified Complaint/Motion for Civil Protection Order is true and correct. I understand that once a Civil Protection Order is issued it cannot be modified or dismissed by me or the other person without permission of the Court.

Plaintiff/Petitioner Marc Harris Kaplan, Sui Juris, Pro Per
Special Appearance Only, Restricted Signature

Temporary Mail Call: General [Delivery] Post- Office.
Colorado Springs. Nation Colorado. Near.[80903].
(719) 229-9668

## JURAT

Subscribed and affirmed, or sworn to before me in the County of El Paso, State of Colorado this 16th day of December 2010 by Marc Harris Kaplan, proved to me on the basis of satisfactory evidence to be the affiant who appeared before me.

My Commission Expires: ~~My Commission Expires July 18, 2011~~

_____
Notary Public/Deputy Clerk

## ORDER

The Court upon review of the **EMERGENCY MOTION FOR CIVIL PROTECTION ORDER**, Orders the following:

☐ Request **DENIED**   ☐ Request **GRANTED**   ☐ Set for Hearing on _____ (date)

Dated: _____

☐ Judge   ☐ Magistrate

## NOTICE AND CERTIFICATE OF MAILING

I certify that on December 16th, 2010 I mailed a true and correct copy of the **EMERGENCY MOTION FOR CIVIL PROTECTION ORDER**, by placing it in the United States Mail, postage pre-paid to the parties at the addresses listed below.

Castle Meinhold & Stawiarski
999 18th Street, Suit 2201
Denver, Co. 80202

_____
Plaintiff/Petitioner

---

**Notice:** Colorado Revised Statutes §13-14-102 identifies that a temporary injunction may be issued by the Court and that upon personal service or upon waiver and acceptance of service by the Restrained Person, is to be in effect against the Restrained Person for a period determined to be appropriate by the Court. This injunction restrains the Restrained Person from:

1. **Ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation for making such payments.**
2. **Transferring, encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.**

The Restrained Person shall be required to account to the Court for all extraordinary expenditures made after the injunction is in effect.

Any injunction issued shall not exceed 120 days after the issuance of the Permanent Civil Protection Order.

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|--|--|
| **Court:** | CO El Paso County District Court 4th JD |
| **Judge:** | Kirk Stewart Samelson |
| **File & Serve Transaction ID:** | 34918979 |
| **Current Date:** | Dec 17, 2010 |
| **Case Number:** | 2010CV41 |
| **Case Name:** | KAPLAN, MARC HARRIS vs. GMAC MORTGAGE CORPORATION et al |
| **Court Authorizer:** | Kirk Stewart Samelson |

**Court Authorizer Comments:**

The presumption is that the foreclosure proceeding was proper. Therefore, this court will not grant a civil protection order precluding the Defendants from acting on the foreclosure order until the legality of the foreclosure proceeding is litigated in conjunction with the Complaint filed by the Plaintiff herein.

David A. Cole, Senior Judge, for Kirk S. Samelson