IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00100-MSK-MEH

MARC HARRIS KAPLAN, *Sui Juris*,

      Plaintiff,

v.

GMAC MORTGAGE CORPORATION,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., formerly known as The Bank
of New York Trust Company, N.A.,

      Defendants.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 2, 2011.**

The Motion to Strike First Amended Complaint and Memorandum of Law in Support of First Amended Complaint for Failure to Comply with Fed. R. Civ. P. 15 filed by Defendants GMAC Mortgage, LLC, The Bank of New York Mellon Trust Co., N.A., JPMorgan Chase Bank, N.A. and Mortgage Electronic Registration Systems[1] [filed March 1, 2011; docket #34] is **granted in part and denied in part**. First, the Court notes that the case was not governed by Fed. R. Civ. P. 15(a) until it was removed to this court on January 13, 2011; thus, any motions to dismiss filed (and resolved) in state court before that time would not be considered for purposes of Fed. R. Civ. P. 15(a)(1)(B). Second, the motion to dismiss filed by Keith A. Gantenbein was filed *after* the Plaintiff notified the Court of his voluntary dismissal of Mr. Gantenbein as a Defendant in this case. *See* dockets #19 and #22.[2] Finally, the only Rule 12 motion currently pending in this case was filed on February 14, 2011 (docket #29); thus, Plaintiff's First Amended Complaint was timely filed as a matter of course on February 15, 2011, in accordance with Rule 15(a)(1)(B).

However, the Defendants are correct that the "Memorandum of Law in Support of First Amended Complaint" is improperly filed at this stage of the litigation. It is possible the Plaintiff

---

[1]The Court has dismissed all Defendants except GMAC Mortgage and The Bank of New York Mellon Trust Co., N.A. in accordance with the Notice of Dismissal filed by the Plaintiff on January 18, 2011. *See* dockets #19 and 25; *see also* First Amended Complaint.

[2]The Court finds that considering the first two Rule 12 motions filed in this case for purposes of Fed. R. Civ. P. 15(a)(1)(B) would be contrary to the purpose of the 2009 amendment to the rule: "[a] responsive amendment may avoid the need to decide the [Rule 12] motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." *See* Fed. R. Civ. P. 15 advisory committee's note.

filed the document in anticipation of Defendants' filing a Rule 12(b) motion in response to the First Amended Complaint.  However, the current filing is improper and the Court directs the Clerk of the Court to **strike** from the record the document located at docket #32.

Any and all other arguments raised by the Defendants may be made in response to the First Amended Complaint.  Defendants shall file a response to the First Amended Complaint **on or before March 16, 2011**.

Defendants' request for sanctions against the Plaintiff is denied.