IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00100-MSK-MEH

MARC HARRIS KAPLAN,

       Plaintiff,

v.

GMAC MORTGAGE CORPORATION, and
BANK OF NEW YORK MELLON TRUST CO.

       Defendant.
_____

**OPINION AND ORDER REMANDING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Kaplan's Motion to Remand **(#26)**, and the Defendants' response **(# 29)**; and the Defendants' Motion to Dismiss **(# 56)**, Mr. Kaplan's response **(# 59)**, and the Defendants' reply **(# 62)**.[1]

Mr. Kaplan's *pro se* Amended Complaint **(# 31)** is somewhat difficult to parse. It relies heavily on arcane and often patently inapplicable references to legal terminology, concepts, and citations; extensively discusses the actions of entities that Mr. Kaplan describes as "causal agents . . . but not Defendants," obscuring the nature of the conduct he specifically attributes to the named Defendants; dwells heavily on irrelevant factual issues that distract from and conceal the issues that are germane; and consists largely of conclusory assertions for which the underlying

---

[1] Mr. Kaplan filed what the Court construes to be a sur-reply **(# 64)**, without seeking or obtaining leave of the Court to do so. The Court has reviewed that filing and finds that its consideration does not affect the analysis herein, and thus, the Court does not address whether the sur-reply is proper under these circumstances.

facts are never stated.[2]

Nevertheless, giving Mr. Kaplan's pleading the liberal construction required of all *pro se* pleadings,[3] this Court is able to ascertain that Mr. Kaplan purports to be the titled owner of a parcel of real property in El Paso County, Colorado. In or about 2004, Mr. Kaplan entered into a mortgage transaction with New Century Mortgage Company concerning the property, receiving $261,000 in exchange for giving a promissory note and Deed of Trust for the property. Through a series of assignments (that Mr. Kaplan appears to question the validity of), Defendant GMAC Mortgage Corp. and/or Defendant Bank of New York Mellon came into possession of Mr. Kaplan's note. In or about 2010, Mr. Kaplan became delinquent on the note and the Defendants commenced foreclosure proceedings against him, eventually resulting in a foreclosure sale of Mr. Kaplan's property. The crux of Mr. Kaplan's Amended Complaint appears to be the assertion that, because the Defendants bundled Mr. Kaplan's note in with many others as part of a security that they then offered to investors, these investors, not the Defendants, were the true

---

[2]The Court has some reason to believe that some, if not much, of the language of Mr. Kaplan's complaint is derived from forms that circulate on internet message boards or other resources aimed at homeowners seeking to avoid or set aside home foreclosures. Needless to say, these resources can often be of dubious reliability and may be authored by individuals of unknown credentials, often lacking in any legal training or understanding. Indeed, many of Mr. Kaplan's assertions – contentions that the Defendants somehow violated the law by engaging in fractional reserve banking, that they loaned him useless "credit" instead of actual money, etc. – are simply frivolous.

[3] *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

owners of the note and the only parties that could legally initiate a foreclosure.

The nature of Mr. Kaplan's causes of action are somewhat unclear. The caption of the Amended Complaint lists causes of action as "quiet title," "wrongful foreclosure," and "fraud." Paragraph 70 of the Amended Complaint, which purports to describe Mr. Kaplan's causes of action, contains five subparagraphs that appear to correspond to five distinct claims: (i) that the loan/mortgage contract Mr. Kaplan entered into was not performed by the Defendants and thus breached; (ii) the Defendants engaged in civil usury, apparently in violation of Colorado statutory or common law; (iii) that the Defendants somehow "defrauded" Mr. Kaplan in some unclear way relating to their improper assignments of the note and deed; (iv) a claim that appears to assert that, by including Mr. Kaplan's note as part of a security offered to investors, the Defendants surrendered any interest in the note and were precluded from foreclosing because they "never took a loss on the credit of the account"; and (v) that the Defendants defrauded the Public Trustee and state courts when they "knowingly filed [false] papers under oath."  Mr. Kaplan requests a variety of remedies, including injunctive relief setting aside the foreclosure sale and quieting title to the property in his name, disgorgement of the Defendants' profits, and various other relief.

Mr. Kaplan moves to remand **(# 26)** this action to the Colorado state court where it originated. Mr. Kaplan's original state court Complaint asserted claims sounding in federal law, including violations of the Truth in Lending Act and Real Estate Settlement Procedures Act, leading the Defendants to remove the action to this Court on federal question grounds under 28 U.S.C. § 1331. Mr. Kaplan's motion to remand contends that "the key issue to the instant action is the quiet title component," and, to avoid creating any predicate for federal jurisdiction, he

would submit an Amended Complaint "limiting further federal issues . . . keeping with the primary focus of the quiet title portion of the action."[4] Although it was filed after Mr. Kaplan's motion to remand, the Amended Complaint contains no federal claim that could give rise to federal question jurisdiction under 28 U.S.C. § 1331.

Assuming, for the moment, that the action was properly removed by the Defendants on the basis of federal claims appearing in the original Complaint, Mr. Kaplan has now, by amendment, dismissed those federal claims, electing instead to pursue only those remedies offered under state law. Although the presence of a federal claim might have given this Court supplemental subject matter jurisdiction over the remaining state-law claims under 28 U.S.C. §1367, the dismissal of all potential federal claims typically warrants the Court declining to continue to exercise such supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Assuming that some federal jurisdiction was originally invoked, there is no basis for the further exercise of federal subject matter jurisdiction over the purely state-law claims herein.[5]

28 U.S.C. § 1447(c) provides that the Court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction." Upon Mr. Kaplan's dismissal-

---

[4] Mr. Kaplan also offers an argument that the Defendants' Notice of Removal was improper due to some defect in the Defendants' counsel's appearance in this action. The Court finds that argument to be without merit.

[5] Arguably, if the requisite amount in controversy is sufficient, the Defendants may nevertheless be able to re-remove the action on diversity of citizenship grounds under 28 U.S.C. § 1332. The Defendants' response to Mr. Kaplan's motion does not disclose a categorical intent by the Defendants to do so if the action were to be remanded for lack of federal question jurisdiction, and thus, the Court does not necessarily assume that the Defendants would automatically choose to do so. Indeed, were the Defendants to re-remove the action, Mr. Kaplan might very well conclude that if he is to be forced to litigate in federal court, he will choose to re-assert his previously-dismissed federal claims.

by-amendment of his federal law claims, this Court declines to exercise supplemental subject matter jurisdiction over any of the purely state-law claims discernable in the Amended Complaint, and thus *sua sponte* remands this action. This renders Mr. Kaplan's motion seeking the same relief moot, and because the case is to be remanded, the Court declines to address the merits of the Defendants' motion to dismiss.

For the foregoing reasons, the Court **REMANDS** this action to the Colorado District Court for El Paso County pursuant to 28 U.S.C. § 1446(c). The Clerk of the Court shall transmit the entire file of this case to the Clerk of the Colorado District Court for El Paso County and shall close this case.

Dated this 24th day of August, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge